T. A. HILL & SON v. PATTON & SCHWARTZ.

(Court of Civil Appeals of Texas. June 14, 1911. Rehearing Denied Oct. 11, 1911.)

BROKERS (§ 88*) — EXCHANGE OF PROPERTY — COMMISSIONS—INSTRUCTIONS.

Where brokers, in a suit for commissions for inducing an exchange of property, alleged that they were employed to interest D. in making the exchange, and were not to be paid, unless the exchange was made on terms satisfactory to defendants, an instruction authorizing a finding in plaintiffs' favor, if the contract was that plaintiffs should induce or "attempt" to induce D. to make the exchange, without regard to whether the exchange was made after an "attempt" on defendants' part to cancel the agency, etc., unless the jury found that the attempted revocation of defendants' agency was made in "entire" good faith, was objectionable as not within the issues, and also as calculated to discredit defendants' theory of the transaction by the use of the word "entire," and cause the jury to infer that their good faith must

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

have been proved by more satisfactory testimony than was required to prove other facts.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121–130; Dec. Dig. § 88.*]

Appeal from Lavaca County Court; W. R. McCutchan, Judge.

Action by Patton & Schwartz against T. A. Hill & Son. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. T. Bagby, Sam C. Lackey, and Proctor, Vandenberge, Crain & Lewright, for appellant. Paulus & Ragsdale and P. H. Green, for appellee.

KEY, C. J. Appellees brought this suit to recover compensation for services alleged to have been rendered by appellees as real estate agents. A jury trial resulted in a verdict and judgment for appellees, and the case is presented in this court upon numerous assignments of error, the most of which relate to the action of the court in giving and refusing certain instructions.

The plaintiffs' cause of action was predicated upon an oral contract alleged to be, in substance, that the defendants owned a certain hotel in the city of Hallettsville, Tex., and one H. S. Dew owned a tract of land in Lavaca county, Tex.; that defendants, desiring to exchange their hotel for the Dew tract of land, agreed to pay the plaintiffs $500 if they would interest the said Dew in making such exchange of property upon terms that would be proposed by the defendants, such consideration not to be paid to the plaintiffs, unless the exchange referred to was made upon terms satisfactory to the defendants. The plaintiffs alleged compliance on their part with the contract, and that the defendants had exchanged their hotel property for the Dew land.

The defendants filed an answer, containing, among other things, a general denial and special plea, averring that they did at one time place their property in appellees' hands for sale or exchange, and agreed to pay them a consideration if they should negotiate and effect an exchange of their hotel property for the Dew land. It was further alleged that the plaintiffs did not, within a reasonable time, induce Dew to make the trade that defendants desired and authorized the plaintiffs to make, and that after such failure the defendants revoked and canceled the plaintiffs' authority and agency for the defendants' hotel property, and that thereafter, and acting independently of the plaintiffs, the defendants negotiated a trade with Dew, by which they exchanged their hotel property for Dew's land.

The principal witnesses in the case were Marcus Schwartz, testifying for the plaintiffs, and T. Y. Hill, testifying for the defendants. The oral contract, whatever it was, was made by those two witnesses. Schwartz swore that the contract was, in substance, as alleged in plaintiffs' petition, while Hill swore that it was, in substance, as alleged in the defendants' answer.

The trial court, among other things, in the general charge, instructed the jury as follows: "And if you further find that, as a result of the efforts of plaintiffs, the said H. S. Dew did become interested in and enter into negotiations with the defendants looking to the trade or exchange of said properties, and if you further find that the defendants and H. S. Dew failed to perfect a trade, and that the negotiations between the defendants and H. S. Dew were then ended and definitely abandoned by the parties, in good faith on the part of the defendants, and not for the purpose of avoiding the payment of the amount agreed on, to plaintiffs, then the plaintiffs cannot recover herein, although you should find that the defendants afterward, and without intervention or participation of plaintiffs, resumed negotiations with said H. S. Dew and succeeded in effecting a trade or exchange of said properties."

Then, at the request of the plaintiffs, the court gave the following additional instruction: "Plaintiffs ask the court to charge the jury that, if they find from the evidence that the condition of the contract between Patton & Schwartz and T. A. Hill & Son was to induce or attempt to induce H. S. Dew to enter into negotiations for a trade of places, and in pursuance of such efforts on the part of the plaintiff Schwartz said trade or exchange of places was negotiated by and between H. S. Dew and defendant Hill & Son, the plaintiffs are entitled to recover their commission agreed on, if you find from the evidence that such commission was agreed on, and this without regard to whether or not you find that the trade was made after an attempt on the part of defendant to cancel the agency of plaintiffs, and without regard to the terms the trade was finally made on, unless you find from the evidence that the attempted revocation of plaintiffs' agency by the defendants, on November 25, 1908, was made in entire good faith, and within a reasonable time."

The giving of this latter charge is assigned as error, and we sustain the assignment. The plaintiffs did not seek to recover upon a contract alleging that the defendants agreed to compensate them for *attempting* to induce H. S. Dew to enter into negotiation with the defendants; the allegation in plaintiffs' petition being that the defendants agreed to pay them the amount stated if they would induce said H. S. Dew, etc. But the most serious objection to this charge is the use of the word "entire" preceding "good faith." As framed, this charge was calculated to discredit appellants' theory of the transaction, and cause the jury to infer that good faith must be proved by more sat-

isfactory testimony than was required to prove other facts.

We overrule the assignments presenting other questions, but reverse the judgment on account of the error referred to.

Reversed and remanded. ·